JKM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martiniano Pacheco-Tellez, ) | No. CV 05-3649-PHX-DGC (VAM) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Alberto R. Gonzales, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Martiniano Pacheco-Tellez (A92-561-114), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner also has filed a Motion for Emergency Stay of Deportation (Doc. # 3) and a Motion for Appointment of Counsel (Doc. #4). The action will be dismissed and Petitioner's motions will be denied.

**PETITION**

Petitioner is a native and citizen of Mexico. In 1998, he was convicted of Open or Gross Lewdness in violation of Nevada law. On February 18, 2004, an immigration judge found Petitioner removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony, and under 8 U.S.C. § 1227(a)(2)(E)(i) as an alien convicted of a child abuse offense. On March 18, 2005, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. On July 21, 2005, the United States Court of Appeals for the Ninth Circuit denied Petitioner's petition for review for lack of jurisdiction. Pacheco-Tellez v.

1  Gonzales, No. 05-71741 (9th Cir. Jul. 21, 2005) (unpublished order).  On October 6, 2005, the
2  Ninth Circuit denied Petitioner's motion for reconsideration.  Pacheco-Tellez v. Gonzales,
3  No. 05-71741 (9th Cir. Oct. 6, 2005) (unpublished order).

4  Petitioner asserts four grounds in support of his Petition for Writ of Habeas Corpus:
5  (1) the immigration judge erred in his finding that Petitioner's Nevada conviction qualifies
6  as an aggravated felony; (2) the immigration judge's factual and legal errors caused the
7  BIA to reach the wrong decision; (3) Ninth Circuit erred in dismissing his Petition for
8  review for lack of jurisdiction; and (4) Petitioner's removal from the United States should
9  be stayed pending resolution of this action.

## DISCUSSION

11  On May 11, 2005, the President signed into law the REAL ID Act of 2005.  Pub. L.
12  No. 109-13, 119 Stat. 231 (May 11, 2005).  As amended by the REAL ID Act, 8 U.S.C.
13  § 1252(a)(5) now provides in relevant part:

> (5) EXCLUSIVE MEANS OF REVIEW. – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

18  REAL ID Act §106(a)(1)(B).  By this amendment, Congress has deprived the district courts
19  of habeas corpus jurisdiction to review orders of removal entered under the Immigration
20  and Nationality Act.  This jurisdiction stripping provision is retroactive.  REAL ID Act §
21  106(b) ("subsection (a) shall take effect upon the date of enactment of this division and
22  shall apply to cases in which the final administrative order of removal, deportation, or
23  exclusion was issued before, on, or after the date of enactment").  The REAL ID Act also
24  provides that if any § 2241 habeas corpus case "challenging a final administrative order of
25  removal . . . is pending in a district court on the date of enactment, then the district court
26  shall transfer the case . . . to the [appropriate] court of appeals."  REAL ID Act §106(c).
27  This action, however, cannot be transferred under § 106(c) because it was not pending on

1 the date of enactment. Moreover, the Ninth Circuit has already rejected Petitioner's
2 petition for review.

3 Petitioner asks this Court to hold that the Ninth Circuit erred in dismissing his
4 petition for review, but a district court cannot reconsider a decision made by a court of
5 appeals. See Nunes v. Ashcroft, 375 F.3d 805, 809-10 (9th Cir. 2004) (an alien may not
6 relitigate in district court a prior determination made by the court of appeals). This action
7 will therefore be dismissed for lack of jurisdiction.

## REQUEST FOR STAY OF REMOVAL

9 Because the underlying Petition is not cognizable, Petitioner's request for a stay of
10 removal must also be denied. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937
11 (9th Cir. 1987) (if the applicant shows no chance of success on the merits, a preliminary
12 injunction should not issue).

13 **IT IS THEREFORE ORDERED** that the Petition is **denied** and this action is
14 **dismissed**.

15 **IT IS FURTHER ORDERED** that Petitioner's Motion for Emergency Stay of
16 Deportation Pending (Doc. #3) is **denied** and Petitioner's Motion for Appointment of
17 Counsel (Doc. #4) is **denied** as moot.

18 DATED this 21st day of November, 2005.

David G. Campbell
United States District Judge